LEMMON, Judge.
This is a tort suit for damages allegedly caused by defamation and invasion of plaintiff’s privacy in connection with defendant’s investigation of an incident which occurred when plaintiff was a cashier in defendant’s supermarket. Defendant has appealed from a judgment awarding plaintiff damages after a jury trial.
Plaintiff, employed by defendant as a cashier for seven years, had a previously unblemished work record. On June 22, 1977 a customer, Mrs. Frances Navis, cashed a check for $37.02 at plaintiff’s check-out counter in connection with a purchase. When Mrs. Navis eventually informed defendant’s store manager (Nagel) that the check had been altered to $57.02, the manager notified the corporation’s check cashing supervisor (Miranda), and an investigation was begun.
Shortly thereafter Miranda and Nagel called plaintiff into the store’s vault room (the place where the checks are cashed) to a meeting also attended by the vault room supervisor (Mrs. White) and plaintiff’s supervisor (Mrs. Couture) and assistant supervisor (Mrs. Rareshide). According to plaintiff’s version, they showed her a picture of Mrs. Navis and the check (taken as part of the check cashing process), and she stated she had seen that person shopping in the store on previous occasions. They then inquired about the color ink shé used the day the check was cashed and asked her if she had altered the check. She began crying' and requested a lie detector test. Because she was emotionally distraught, she ran to the rest room and while there told other *838 employees she had been accused of stealing. Mrs. Couture telephoned her daughter, who immediately came for her and brought her ■home. She worked several more days and took a lie detector test, but was fired one week after the incident in the vault room, although the test results were favorable. The sum of $20.00 was deducted from her final paycheck.
The version related by defendant’s employees was that they simply showed plaintiff the check and photograph, whereupon she became hysterical, even though they assured her she was not being accused. They further testified plaintiff subsequently stated she intended to resign after she completed the lie detector test she had requested to clear her name, but later declined to do so, because she learned she would be disqualified for unemployment compensation, and she was ultimately terminated.
The jury apparently accepted plaintiff’s version of the occurrence and clearly believed she had not altered the check. Nevertheless, even if all evidence most favorable to the prevailing party is accepted in accordance with standards for appellate review, there is no basis in this record for imposing delictual liability on defendant.
When an alteration is made to a check received by a store owner’s employee in the regular course of business, the employer is certainly entitled to investigate the circumstances surrounding the incident, as long as the investigation is conducted in good faith and in a reasonable manner. Here, there was a sufficient basis to justify defendant’s good faith in provoking an investigation, and there is no evidence to suggest any unreasonableness in the investigation that was conducted. Even plaintiff admitted no one accused her of stealing or called her a thief. She was never arrested or charged with a crime. The brief questioning was conducted at a reasonable time and place, and there was no oppressive questioning that might be viewed as intimidation or harassment constituting intentional infliction of mental anguish. There was no proof of a statement communicated to third persons which might constitute defamation. There was no revelation by defendant’s supervisory employees that an investigation was being conducted.[1] In short there is simply no factual basis in this record to support a finding of tortuous conduct by any person for whom defendant was vicariously liable.[2] Since there was no basis to support the jury verdict, the judgment must be reversed.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that judgment be rendered dismissing plaintiff’s suit.

REVERSED AND RENDERED.

. Plaintiff made the sole communication shown by the record as to the existence of an investigation. Moreover, she was the one who requested a lie detector test.

. The record does suggest the possibility of a claim for wages withheld upon termination, but no such claim was presented in this suit, and it would be unfair to adjudicate that claim here, without allowing defendant notice and an opportunity to defend.